**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————X
:
DANIELLE KIO, on behalf of herself and all           :
others similarly situated,                                        :
:
                            Plaintiff,                                  :     Civil Action No.
:
vs.                                                                          :     **CLASS ACTION COMPLAINT AND**
:     **JURY TRIAL DEMAND**
NATIONAL ENTERPRISE SYSTEMS, INC.,      :
:
                            Defendant.                             :
:
:
————————————————— X

Plaintiff DANIELLE KIO (hereinafter "Plaintiff"), on behalf of herself and all

others similarly situated, by and through her undersigned attorney, alleges against the

above-named Defendant NATIONAL ENTERPRISE SYSTEMS, INC., its employees,

agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Union County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant NATIONAL ENTERPRISE

SYSTEMS, INC. ("NES") is a corporation organized under the laws of the State of Ohio

with its principle place of business located in 2479 Edison Blvd., Unit A, Twinsburg,

Ohio  44087.

9.      Based upon information and belief, Defendant is a company that uses the

mail, telephone, and facsimile and regularly engages in business, the principal purpose of

which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt

Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10.     NES is a debt collector, as defined by § 1692a of the FDCPA, because it

regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or

indirectly, defaulted consumer debts. NES operates a nationwide defaulted debt

collection business, and attempts to collect debts from consumers in virtually every state,

including consumers in the State of New Jersey. In fact, Defendant NES was acting as a

debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it

attempted to collect from Plaintiff.


## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23

of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all

New Jersey consumers and their successors in interest (the "Class"), who have received

debt collection letters and/or notices from the Defendant which are in violation of the

FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class consists of:

•      All New Jersey consumers who were sent letters and/or notices from

Defendant in a form substantially similar to attached Exhibits B and/or C

3

which included the alleged conduct and practices described herein.

The Class period begins one year prior to the filing of this Action, inclusive. The class definition may be subsequently modified or refined.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits B and C** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.  Whether Defendant violated various provisions of the FDCPA.

  b.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who

could not otherwise afford to seek legal redress for the wrongs
complained of herein.  Absent a Class Action, class members will
continue to suffer losses of statutory protected rights as well as
monetary damages.  If the Defendant's conduct is allowed to proceed
without remedy it will continue to reap and retain the proceeds of its
ill-gotten gains;

- Defendant have acted on grounds generally applicable to the entire
  Class, thereby making appropriate final injunctive relief or
  corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is
defined by 15 U.S.C. §1692a(3).

15.     Defendant collects and attempts to collect debts incurred or alleged to
have been incurred for personal, family or household purposes on behalf of creditors
using the United States Postal Service, telephone and/or the Internet.

16.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17.     Sometime prior to March 6, 2020, Plaintiff allegedly incurred a financial
obligation to Bank of America, N.A. ("B of A") related to a personal loan with an
account number ending in 5950 ("the Debt").

18.     The Debt arose out of a transaction in which money, property, insurance
or services, which are the subject of the transaction, are primarily for personal, family or
household purposes.

19.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

6

20.     B of A is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     Sometime prior to March 6, 2020, B of A either directly or through intermediate transactions assigned, placed, sold and/or transferred the Debt to Defendant for purposes of collection.

22.     At the time the Debt was assigned, placed, and/or transferred to Defendant, the Debt was in default.

23.     Defendant caused to be delivered to Plaintiff a letter dated March 6, 2020 concerning the Debt, which sought to collect an amount owed of $21,973.15.  Attached as **Exhibit A** is a copy of the March 6, 2020 collection letter.

24.     The March 6, 2020 collection letter was Defendant's initial written communication to Plaintiff with respect to the Debt.

25.     As the initial written communication to Plaintiff, the March 6 letter included the section 1692g disclosures with respect to Plaintiff's right to dispute the Debt and how to dispute the Debt within 30 days of receipt of the letter.

26.     Subsequently, Plaintiff received two letters from Defendant, both dated April 4, 2020, with each seeking to collect the Debt.

27.     The first April 4, 2020 letter ("Exhibit B") provides four separate options for paying off the balance in full.  A copy of the first April 4, 2020 letter is attached as **Exhibit B.**

28.     The second April 4, 2020 letter ("Exhibit C") indicated that Defendant was authorized to settle the account in full for something less than the balance in full.  A copy of the second April 4, 2020 letter is attached as **Exhibit C.**

29.     Both April 4, 2020 collection letters were sent or caused to be sent by a

person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30.     The April 4, 2020 collection letters were each a "communication" as defined by 15 U.S.C. § 1692a(2).

31.     The April 4, 2020 collection letters were sent to Plaintiff at her home address in New Jersey.

32.     Upon receipt, Plaintiff read the April 4, 2020 collection letters.

33.     Both April 4, 2020 collection letters were sent to Plaintiff within the 30 day period in which Plaintiff had to dispute the debt, which began at the time that Plaintiff received the March 6, 2020 collection letter.

34.     Both April 4, 2020 collection letters sought to collect the Debt from Plaintiff.

35.     Both April 4, 2020 collection letters overshadowed Plaintiff's right to seek validation of the Debt under section 1692g(a).

36.     Neither April 4, 2020 collection letter informed Plaintiff that she still had time to exercise her right to dispute and seek validation of the Debt.

37.     Defendant's sending of two April 4 letters on the same day to collect the Debt was conduct which was harassing, oppressive and/or abusive in an attempt to coerce Plaintiff to pay the Debt.

38.     The content of the two April 4, 2020 collection letters are inconsistent with each other and would confuse and/or deceive the least sophisticated consumer as to how much he or she would be required to pay in order to settle the Debt.

39.     The Exhibit B collection letter provides:

**Please note the payment options below that are available to you as of the date of this letter**. You may make payment through the mail or over the phone by calling us at (800) 925-6141.

Make one payment of the total amount due **$21,973.15**
Pay 11 monthly payments of$ 1,831.10 and one final payment of $1,831.05
Pay 35 monthly payments of$ 610.37 and one final payment of $610.20
Pay *59* monthly payments of$ 366.22 and one final payment of $366.17

(emphasis added).

40.    Specifically, the Exhibit B collection letter provides four payment options, all of which offer payment of the debt in full.  By stating in the Exhibit B Collection Letter, "Please note the payment options below that are available to you <u>as of the date of this letter</u>" implies to the least sophisticated consumer that these are the **<u>only</u>** payment options available as of the April 4 date of the letter.

41.    In contrast, the Exhibit C collection cetter, also dated April 4, 2020, provides that Plaintiff could pay less than the full amount to settle the Debt in full.

42.    The least sophisticated consumer would be confused after reading both Exhibits B and C and not know whether he or she would have to pay the full amount on the Debt or could pay less than the full amount, since the two letters, are contradictory in their settlement options.

43.    The two April 4, 2020 letters when read together are deceptive, false and/or misleading.

44.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

45.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

46.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

47.    Defendant's communications were designed to cause Plaintiff to suffer a

9

harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

48.     Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

49.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

50.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

51.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

52.     Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

53.     The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

54.     Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

55.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

56.     It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibits B and/or C**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b)     By overshadowing Plaintiff's right to dispute the debt; and
>
> (c)     Using unfair or unconscionable means to collect or attempt to collect any debt.

57.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibits B and/or C to at least 30 natural persons in the State of New Jersey.


## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

58.     Plaintiff repeats the allegations contained in paragraphs 1 through 57 as if the same were set forth at length.

59.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

60.     By sending collection letters, the same as or substantially similar to Exhibits B  and/or C, Defendant violated:

11

A. 15 U.S.C. §1692d, by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

B. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

C. 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

D. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

E. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

F. 15 U.S.C. §1692g(b) by engaging in collection activity within the 30 day period which overshadowed Plaintiff's right to dispute the debt.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

 (d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
April 2, 2021

Respectfully submitted,

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.

Dated: April 2, 2021                    By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq

EXHIBIT A

# NATIONAL ENTERPRISE SYSTEMS

2479 Edison Blvd., Unit A  •  Twinsburg, OH 44087-2340
Ph. (800) 925-6135

March 6, 2020

Danielle D Kio

Creditor: Bank of America, N.A.
Account Number: XXXXXXXXXXXX5950
NES Account Number: ███879
Please contact: (800) 925-6135

**Total Amount Due: $21,973.15**

The above referenced creditor has placed your account with our office for collection.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing at 2479 Edison Blvd., Unit A, Twinsburg, OH 44087 within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing at 2479 Edison Blvd., Unit A, Twinsburg, OH 44087 within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

IONNESI02001BOA3_496751747

## *NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT.***

ONNESI02
PO Box 1280
Oaks, PA 19456-1280
ADDRESS SERVICE REQUESTED

Daytime Phone:   (_____) _____ - _____
Evening Phone:   (_____) _____ - _____

B

Danielle D Kio

**NATIONAL ENTERPRISE SYSTEMS**
2479 Edison Blvd., Unit A
Twinsburg OH 44087-2340



March 6, 2020
NES Account #:        ███879
Account Number:    XXXXXXXXXXXX5950
Amount Due:          $21,973.15        Amt Paid:    $_____

EXHIBIT B

**NATIONAL ENTERPRISE SYSTEMS**

2479 Edison Blvd., Unit A • Twinsburg, OH 44087-2340
Ph. (800) 925-6141

April 4, 2020

Danielle D Kio

Creditor: Bank of America, N.A.
Account Number: XXXXXXXXXXX5950
NES Account Number: ████879
Please contact: Roman Pocztar at (800) 925-6141 ext. 2072

**Total Amount Due: $21,973.15**

Please note the payment options below that are available to you as of the date of this letter. You may make payment through the mail or over the phone by calling us at (800) 925-6141.

Make one payment of the total amount due **$21,973.15**
Pay 11 monthly payments of $1,831.10 and one final payment of $1,831.05
Pay 35 monthly payments of $ 610.37 and one final payment of $ 610.20
Pay 59 monthly payments of $ 366.22 and one final payment of $ 366.17

Knowing how to manage your money better has never been more important. Now you can take advantage of a free financial education tool created by Bank of America in partnership with the Khan Academy. Visit Bettermoneyhabits.com to start today.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

IONNESI02050BOA_515642986

\*\*\*PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT \*\*\*

ONNESI02
PO Box 1280
Oaks, PA 19456-1280
ADDRESS SERVICE REQUESTED

Daytime Phone:   (_____) _____ - _____
Evening Phone:   (_____) _____ - _____

**NATIONAL ENTERPRISE SYSTEMS**
2479 Edison Blvd., Unit A
Twinsburg OH 44087-2340

B

Danielle D Kio

April 4, 2020
NES Account #:        ████879
Amount Due:          $21,973.15        Amt Paid:   $_____
Daytime Phone    (       ) _____  -  _____
Evening Phone    (       ) _____  -  _____

EXHIBIT C

**NATIONAL ENTERPRISE SYSTEMS**

2479 Edison Blvd., Unit A • Twinsburg, OH 44087-2340
Ph. (800) 925-6141

April 4, 2020

Danielle D Kio

Creditor: Bank of America, N.A.
Account Number: XXXXXXXXXXXX5950
NES Account Number: ▮▮879
Please contact: Roman Pocztar at (800) 925-6141 ext. 2072

**Balance: $21,973.15**

We have been authorized to settle your account, in full, for something less than the balance in full. Please contact this office if you would like to discuss this offer.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

IONNESI02BOA101 __515643604

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT ***

Daytime Phone:   (_____) _____ - _____
Evening Phone:   (_____) _____ - _____

ONNESI02
PO Box 1280
Oaks, PA 19456-1280
ADDRESS SERVICE REQUESTED

127
**NATIONAL ENTERPRISE SYSTEMS**
2479 Edison Blvd., Unit A
Twinsburg OH 44087-2340

B

Danielle D Kio

April 4, 2020
NES Account #:      ▮879
Balance:         $21,973.15      Amt Paid:   $_____
Daytime Phone   (     ) ____ - _____
Evening Phone   (     ) ____ - _____

2 of 3